**DEREK SMITH LAW GROUP, PLLC**
TIMOTHY J. PROL, ESQ.
PA Attorney ID: 319524
NJ Attorney ID: 125782014
1628 Pine Street
Philadelphia, PA 19103
Phone: 215-391-4790
Fax: 215-893-5288
Email: tim@dereksmithlaw.com
*Attorneys for Plaintiff, Kathleen McGarry*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN MCGARRY | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | Civil Action No. |
| CHESTER VALLEY GOLF CLUB, | : | |
| JORDAN POZNICK (individually), | : | |
| and EDWARD ELLIS (individually) | : | |
| | : | |
| Defendants | : | Jury Trial Demanded |

## CIVIL ACTION COMPLAINT

Plaintiff, Kathleen McGarry, by and through undersigned counsel, hereby files this Civil Action Complaint against Defendants Chester Valley Golf Club, Jordan Poznick, and Ed Ellis (collectively "Defendants") and avers the following:

## NATURE OF CASE

1. Plaintiff complains pursuant to violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq*.,  the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII")*,* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*, and seeks damages to redress the injuries Plaintiff has suffered as a result of being subject to discrimination, retaliation, and wrongful termination by the aforementioned Defendants.

1

2. Furthermore, this action is to redress the Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination against Plaintiff because of her race and for Defendants' wrongful actions against Plaintiff leading up to, and including, her unlawful constructive discharge.

3. Plaintiff seeks declaratory and injunctive relief, actual damages, compensatory damages, punitive damages, reinstatement of attorneys' fees, litigation costs, and pre- and post- judgment interest as remedies for Defendants' violations of his rights.

## **PARTIES**

4. Plaintiff, Kathleen McGarry (hereinafter referred to as "Plaintiff"), is a female individual who is sixty-nine (69) years of age and resides in the Commonwealth of Pennsylvania.

5. Defendant, Chester Valley Golf Club (hereinafter referred to as "Defendant Chester Valley"), is a golf club located in Pennsylvania at 430 Swedesford Road, Malvern, Pennsylvania 19355.

6. The Chester Valley Golf Club is freely available to the public for a host of activities, events, and uses, including group golf outings, weddings, private events, and others.

7. In addition to serving members (while advertising to the public to inquire about membership), Defendant Chester Valley is open to members of the public for weddings, private events, catering, and other publicly-available commercial services. (See https://www.chestervalleygc.org/weddings-private-events, where the phrase "Chester Valley Golf Club hosts special occasions for members and non-members alike," appears).

8. While Defendant Chester Valley indicates that membership is available only by invitation, there are several solicitations to the public to apply for membership consideration. (See, e.g, https://www.chestervalleygc.org/membership).

9. Defendant Chester Valley also advertises directly to the public for golf outings and membership is not required to host a golf event at Chester Valley Golf Club. (See https://www.chestervalleygc.org/golf/host-an-outing).

10. In fact, each page of Defendant Chester Valley's website advertises to the public to inquire more regarding membership and events available at Chester Valley Golf Club. (See e.g. https://www.chestervalleygc.org/pool-racquets). Defendant, Jordan Poznick (hereinafter referred to as "Defendant Poznick"), is an employee of Defendant Chester Valley, employed as the General Manager of Chester Valley Golf Club.

11. Defendant, Ed Ellis (hereinafter referred to as "Defendant Ellis"), is a male individual employed by Defendant Chester Valley during all relevant times pertaining to this action.

12. At all times material, Defendant Ellis maintained supervisory authority over Plaintiff.

13. Defendant, Jordan Poznick (hereinafter referred to as "Defendant Poznick"), is a male individual employed by Defendant Chester Valley during all relevant times pertaining to this action.

14. At all times material, Defendant Poznick maintained supervisory authority over Plaintiff.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the state law causes of action.

16. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern

District of Pennsylvania (i.e., Berks, Bucks, Chester, Delaware, Lancaster, Lehigh, Montgomery, Northampton, and Philadelphia).

17. Furthermore, Plaintiff has exhausted administrative remedies by having filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"), and Plaintiff having received a Notice of Right to Sue.

## **MATERIAL FACTS**

18. Plaintiff Kathleen McGarry is a 69-year-old woman with decades of experience in financial management.

19. In July 2022, Defendant Chester Valley hired Plaintiff as its Controller.

20. Almost immediately after Plaintiff began working at Defendant Chester Valley, she was subjected to demeaning comments about her age and gender from the Club's management.

21. Defendant Ed Ellis, one of Plaintiff's supervisors, belittled her with snide remarks such as asking, "Do you even know how to read?"

22. On another occasion, Defendant Ellis scoffed at Plaintiff, "Who do you think you are, Mother Superior?"

23. Ellis' remark was dripping with condescension toward Plaintiff as an older woman.

24. Ashley Heath, another high-level employee working for Defendant Chester Valley who worked closely with Defendant Poznick, also targeted Plaintiff with disparaging age-based comments.

25. Heath repeatedly mocked Plaintiff by calling her "grandmom" and "old lady" in the workplace.

26. On at least one occasion, Heath even stuck out her tongue at Plaintiff while sneering those insults, exemplifying the disrespect Plaintiff faced because of her age.

27. These frequent insults were offensive, unwarranted, and they contributed to a hostile work environment for Plaintiff.

28. The workplace culture at Defendant Chester Valley was coarse and abusive, with profanities and degrading comments often aimed at Plaintiff as an older woman.

29. Plaintiff did not passively endure this mistreatment; instead, she repeatedly reported the discriminatory and harassing behavior to Defendant Chester Valley's leadership.

30. Plaintiff reported the age-based discrimination to Defendant Poznick about February 2022.

31. Plaintiff specifically informed Poznick of Ellis's demeaning comments, hoping that the Club's top management would put a stop to the misconduct.

32. Instead of addressing the issue, Defendant Chester Valley took no action in response to Plaintiff's complaint

33. Defendant Poznick essentially ignored Plaintiff, and the harassment by Ellis and Heath continued unabated.

34. Not long after this initial complaint, during Plaintiff's annual performance review in mid-2023, Poznick criticized her for not being "more motherly"

35. This comment further reflected Defendant Poznick's biased view of an older woman in the workplace.

36. Meanwhile, Ms. Heath continued to brazenly hurl age-based epithets at Plaintiff, unchecked by any supervisor or corrective measures.

37. By the summer of 2023, Plaintiff's work environment remained intolerably hostile, and she again pleaded for help from Defendant Chester Valley's management.

38. On or about July 27, 2023, Plaintiff met with Defendant Poznick and Cameron Burrell (another senior manager) to discuss her ongoing mistreatment and to clarify her responsibilities at the Club.

39. During this meeting, Plaintiff described in detail the harassment she was facing – including that Ms. Heath was calling her "Grandmom" and "Old Lady" and had even stuck her tongue out at Plaintiff.

40. Plaintiff emphasized to Defendant Poznick and Ms. Burrell that these actions were creating a toxic, hostile work environment for her.

41. Once again, however, her complaints were brushed aside.

42. Defendant Poznick and Ms. Burrell dismissed Plaintiff's concerns and took no action to curb the abuse.

43. By ignoring Plaintiff's reports and trivializing her grievances, Defendant Chester Valley's leadership effectively gave Ellis, Heath, and others a green light to continue targeting Plaintiff on the basis of her age and gender.

44. Around early fall 2023, Plaintiff witnessed Defendant Chester Valley's discriminatory approach to hiring older employees firsthand.

45. During a hiring discussion, Plaintiff overheard Defendant Poznick and Ms. Heath casually rejecting multiple job candidates as "too old," without any consideration of their qualifications.

46. This blatant age bias in hiring reinforced Plaintiff's realization that the discrimination she faced was part of a broader, Club-sanctioned pattern of prejudice against older individuals.

47. In early February 2024, Plaintiff learned that she herself was now squarely in the crosshairs of Defendants' discriminatory scheme.

48. Plaintiff overheard Defendants Poznick and Ellis having a conversation in which they plotted to terminate Plaintiff's employment as soon as she finished the ongoing financial audits.

49. At the time, Plaintiff was working tirelessly to straighten out Defendant Chester Valley's finances, having inherited two years of incomplete audits (for 2021 and 2022) caused by the Club's prior mismanagement.

50. Thanks to Plaintiff's expertise and diligence, the Club's previously disorganized accounts were finally being brought into order.

51. There had been no complaints whatsoever about Plaintiff's job performance, on the contrary, she was resolving longstanding financial problems that predated her tenure.

52. Yet, due to their age and gender-based animus against Plaintiff, Defendants Poznick and Ellis were actively scheming to get rid of Plaintiff the moment they had reaped the benefit of her work.

53. Plaintiff was shocked and alarmed to discover that her superiors intended to oust her despite her strong performance and significant contributions to the Club.

54. It was immediately clear that this decision had nothing to do with any legitimate performance issue on Plaintiff's part and had everything to do with the sustained age-based harassment and discrimination Plaintiff was enduring.

55. Plaintiff understood that Defendants wanted her gone because she was an older woman who had dared to complain about their discriminatory conduct.

56. On April 26, 2024, Defendants followed through on their plan and abruptly terminated Plaintiff's employment at Defendant Chester Valley.

57. By that date, Plaintiff had successfully completed the critical financial audit projects that she was tasked to perform.

58. Plaintiff's role in rectifying the accounts was vital to Defendant Chester Valley.

59. No official reason for Plaintiff's termination was given by Defendants, a sham masking the true discriminatory motives behind her termination.

60. In reality, Defendants terminated Plaintiff because she was an older woman and because she stood up against workplace discrimination.

61. Each of the individual Defendants played a role in the unlawful treatment that Plaintiff endured.

62. Defendant Ellis and Ms. Heath were the primary instigators of the harassment, repeatedly subjecting Plaintiff to offensive ageist and sexist slurs.

63. Defendant Poznick and Ms. Burrell, as the highest-ranking managers, knew about this ongoing misconduct and willfully refused to stop it.

64. Instead of protecting their employee, Poznick and Burrell effectively endorsed the mistreatment, dismissing Plaintiff's valid complaints and later colluding in the decision to terminate her because of her membership in protected classes on a pretext.

65. By their actions and inactions, each individual Defendant effectively aided and abetted the discrimination, hostile work environment, and retaliation that ultimately forced Plaintiff out of her job at Defendant Chester Valley.

66. Plaintiff's age and gender was determinative of, or a contributing factor in, Plaintiff's termination by Defendants.

67. But for Plaintiff's age and/or gender, Plaintiff would not have incurred the adverse employment actions to which she was subjected at the hands of Defendants.

68. Plaintiff suffered intentional discrimination at the hands of Defendants because of her age and gender.

69. Plaintiff endured this intentional discrimination over a sustained period of time.

70. Defendant Poznick made negative comments to Plaintiff, took hostile actions toward plaintiff, and detrimentally impacted Plaintiff's terms and conditions of employment.

71. Plaintiff perceived these actions by Defendant Poznick as hostile, abusive, and they were unwelcome by Plaintiff.

72. Plaintiff was humiliated by the continual onslaught of Defendant Poznick's adverse actions in the workplace.

73. Defendant Poznick's actions directly and unreasonably interfered with Plaintiff's work performance, which brough further discriminatory action by Defendant Poznick.

74. Defendant Chester Valley Golf Club is responsible for the actions of Defendant Poznick and Defendant Ellis, who were employed by Defendant Chester Valley Golf Club and who worked in a supervisory capacity over Plaintiff.

75. Plaintiff trusted her employer, Defendant Chester Valley, to ensure a work environment free from age and gender harassment and to protect her from same.

76. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

77. As a result of the acts and conduct complained of herein, Plaintiff has suffered and the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

78. Plaintiff has further experienced severe emotional and physical distress.

79. As a result of Defendants' conduct, the Plaintiff was caused to sustain serious and permanent personal injuries, including but not limited to permanent psychological injuries.

80. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all the Defendants jointly and severally.

81. Plaintiff further claims aggravation, activation and/or exacerbation of any preexisting condition.

82. Plaintiff claims that Defendants unlawfully discriminated against Plaintiff because of Plaintiff's age and sex and retaliated against Plaintiff because of her opposition to harassment and discrimination, engaging in protected activities, and because Plaintiff opposed the unlawful conduct of Defendants related to the above protected classes.

83. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff to on a continuous and on-going basis throughout Plaintiff's employment.

84. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

85. Plaintiff claims alternatively that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors. Furthermore, in such case, Plaintiff claims that Defendant owed and breached its duty to Plaintiff to prevent the harassment, discrimination, and retaliation and is liable therefore for negligence.

86. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

**CAUSES OF ACTION**

**COUNT I**
**29 U.S.C. § 623**
**ADEA Age Discrimination**
(*Plaintiff v. Defendant Chester Valley Golf Club*)

87. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

88. The ADEA provides, in relevant part, that "it shall be unlawful for an employer… to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, and privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

89. "The burden of establishing a prima facie case of disparate treatment is not onerous." *Day v. Sears*, No. 12-cv-6474, 2014 U.S. Dist. LEXIS 5568, at *12 (E.D. Pa. Jan. 15, 2014), *quoting Burdine*, 450 U.S. at 253-54.

90. At all times material, Plaintiff was in the protected age group and was 40 years old or older.

91. At all times material, Plaintiff was qualified for the position Plaintiff was working in for Defendants.

92. At all times material, Plaintiff performed satisfactory, even exemplary work.

93. At all times material, Plaintiff was treated differently and less favorably than younger employees.

94. Plaintiff was adversely affected by the adverse employment action of termination.

95. Defendants subjected Plaintiff to discriminatory treatment on the basis of Plaintiff's age.

96. Defendants' discriminatory treatment included, but was not limited to making age-related derogatory comments, giving preferential treatment to younger employees but not Plaintiff, ostracizing and excluding Plaintiff from meetings but not younger employees, hiring a younger

individual to replace Plaintiff after terminating Plaintiff, and other age-related discriminatory actions.

97. Defendant targeted Plaintiff because of Plaintiff's age and no similarly situated employees under the age of 40 were subjected to the same discriminatory treatment that Plaintiff was subjected to.

98. The discriminatory actions of Defendants against Plaintiff, as described and set forth above, constitute an adverse employment action for the purposes of the ADEA.

99. In subjecting Plaintiff to adverse employment actions, Defendants intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of Plaintiff's employment.

100.    Defendants acted upon a continuing course of conduct.

101.    As a direct and proximate result of Defendants' intentional discriminatory conduct in violation of the ADEA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.

102.    Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

103.    The conduct of the Defendant deprived Plaintiff of Plaintiff's statutory rights guaranteed under the ADEA.

104.    Plaintiff further requests that Plaintiff's attorney's fees and costs be awarded as permitted by law.

## COUNT II
### Hostile Work Environment in Violation of ADEA
### 29 U.S.C. § 621, et. seq.
### (*Plaintiff v. Defendant Chester Valley Golf Club*)

105.    Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

106.    To prevail on a hostile work environment claim under the ADEA, a plaintiff must show: (1) he suffered intentional discrimination because of his age; (2) the harassment was severe or pervasive; (3) the harassment detrimentally affected him; (4) the harassment would detrimentally affect a reasonable person in that position; and (5) respondeat superior liability. Jensen v. Potter, 435 F.3d 444, 449 (3d Cir. 2006) (setting forth elements of hostile work environment claim under Title VII); Glanzman v. Metro. Mgmt. Corp., 290 F. Supp. 2d 571, 581 (E.D. Pa. 2003) (applying elements to ADEA hostile work environment claim). The alleged harassment "must be so severe or pervasive that it alters the conditions of the [plaintiff's] employment and creates an abusive environment." Weston v. Pa., 251 F.3d 420, 426 (3d Cir. 2001).

107.    Defendants intentionally discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on the basis of Plaintiff's age.

108.    Defendant Chester Valley delegated to Defendants Poznick and Ellis the authority to control Plaintiff's work environment, and they abused that authority to create a hostile work environment.

109.    The conduct of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees was sufficiently severe to alter the conditions of Plaintiff's employment.

110.    The conduct of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees was sufficiently severe to create an abusive working environment.

111.    At all times material, Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' intentional, discrimination based on Plaintiff's age was not welcomed by Plaintiff.

112.    At all times material, the intentional, discrimination based on Plaintiff's age by Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

113.    At all times material, Plaintiff believed Plaintiff's work environment to be hostile or abusive as a result of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' discriminatory conduct on the basis of Plaintiff's age.

114.    The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

115.    Defendant Chester Valley provided a futile avenue for complaint.

116.    Defendant Chester Valley retaliated against Plaintiff for Plaintiff's complaints.

117.    Defendant Chester Valley acted upon a continuing course of conduct.

118.    Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' unlawful actions towards Plaintiff was intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

119.    As a result of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' violations of Title VII, Plaintiff has suffered damages, including,

but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

120.    Plaintiff further requests that Plaintiff's attorney's fees and costs be awarded as permitted by law.


### COUNT III
**ADEA Retaliation**
**29 U.S.C. § 623(d)**
**(*Plaintiff v. Defendant Chester Valley Golf Club*)**

121.    Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

122.    The ADEA provides, in relevant part, provides: It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter. 29 U.S.C. § 623(d).

123.    As alleged herein, Plaintiff engaged in protected activity under the ADEA including, but not limited to opposing Defendants' unlawful discriminatory employment practices by registering multiple complaints about same to management for Defendant Chester Valley.

124. At all times material, Plaintiff acted under a reasonable, good-faith belief that Plaintiff's right to be free from discrimination in the workplace was being violated by Defendants' conduct.

125. Defendants subjected Plaintiff to materially adverse employment actions subsequent to Plaintiff reporting discriminatory conduct, culminating in Defendant's termination of Plaintiff's employment.

126. At all times material, Plaintiff's protected opposition activity was a determinative and/or contributing factor in some or all of Defendants' materially adverse actions against Plaintiff.

127. At all times material, Plaintiff's protected opposition activity was the but-for cause of some or all of Defendants' materially adverse actions against Plaintiff.

128. The temporal proximity between Plaintiff's protected activity and Defendants' decision to take materially adverse action against Plaintiff as well as the constant and sustained hostility and discrimination Plaintiff experienced and endured is unusually suggestive of a retaliatory motive and gives rise to an inference of causation.

129. Defendants' materially adverse actions against Plaintiff in retaliation for Plaintiff's protected opposition activity were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

130. Defendants' actions to take materially adverse employment actions against Plaintiff in retaliation for Plaintiff's protected opposition activity are unlawful employment practices in violation of the ADEA.

131. Defendants are vicariously liable for the unlawful actions of its employees or agents against Plaintiff in the course and scope of their employment with Defendants, including Defendants Poznick and Ellis.

132.    Defendants acted upon a continuing course of conduct.

133.    As a result of Defendants' retaliatory conduct in violation of the ADEA, Plaintiff has suffered and continues to suffer emotional and financial harm.

134.    The conduct of the Defendants deprived Plaintiff of Plaintiff's statutory rights guaranteed under the ADEA.

135.    As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of the ADEA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.

136.    Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

137.    Alternatively, Defendants' actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

138.    Plaintiff further requests that Plaintiff's attorney's fees and costs be awarded as permitted by law.

**COUNT IV**
**Disparate Treatment Sex Discrimination in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.**
(*Plaintiff v. Defendant Chester Valley Golf Club*)

139.    Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

140.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

        a.    "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's

race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2

141.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(d) further provides that "it shall be an unlawful employment practice for an employer… controlling… training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide training."

142.    Defendants engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Plaintiff with respect to Plaintiff's compensation, terms, conditions, training, and privileges of employment because of Plaintiff's sex.

143.    Defendants subjected Plaintiff to adverse tangible employment actions, defined as significant changes in Plaintiff's employment status, discipline, denial of training, failure to promote, reassignment with significantly different job responsibilities, and decisions causing significant changes in his employment benefits.

144.    At all times material, Plaintiff was and is a woman.

145.    At all times material, Defendants had knowledge of Plaintiff's sex.

146.    At all times material, Defendants held supervisory authority over Plaintiff with respect to Plaintiff's employment.

147.    At all times material, Defendant Chester Valley authorized Plaintiff's supervisors, including the individual Defendants Poznick and Ellis, to take tangible employment action against Plaintiff as employees of Defendant Chester Valley.

148.    As alleged herein, Defendants intentionally discriminated against Plaintiff with regard to the terms and conditions of Plaintiff's employment on the basis Plaintiff's membership in one or more protected classes.

149.    At all times material, Defendants' discriminatory conduct was not welcomed by Plaintiff.

150.    At all times material, Defendants' conduct towards Plaintiff was intentionally based upon Plaintiff's membership in one or more protected classes.

151.    At all times material, Plaintiff membership in one or more protected classes were motivating and/or determinative factors in Defendants' discriminatory conduct.

152.    Defendants cannot show any legitimate, nondiscriminatory reasons for its employment practices and any reasons proffered by Defendants for their actions against Plaintiff are pretextual.

153.    As alleged herein, Defendants' discriminatory and harassing actions towards Plaintiff because of Plaintiff's membership in one or more protected classes are unlawful employment practices in violation of the Civil Rights Act of 1964.

154.    Defendants' unlawful employment actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

155.    Defendants acted upon a continuing course of conduct.

156.    Defendant Chester Valley is vicariously liable for the unlawful employment actions by Defendants Poznick and Ellis against Plaintiff in the course and scope of Plaintiff's employment with Defendant Chester Valley.

157.    As a result of Defendants' unlawful discrimination in violation of Title VII, Plaintiff has suffered and continues to suffer physical, emotional, and financial harm.

158.    Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

159.    As a result of Defendants' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

160.    Plaintiff further requests that Plaintiff's attorney's fees and costs be awarded as permitted by law.


### COUNT V
### Hostile Work Environment in Violation of
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq
### *(Plaintiff v. Defendant Chester Valley Golf Club)*

161.    Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

162.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 provides in relevant part:

b.    "It shall be unlawful employment practice for an employer (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) limit, segregate, or classify his employees or applicants for employment in any wat which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

42 U.S.C. § 2000e-2

163.    Title VII also prohibits hostile work environment harassment, defined as unwanted comments or conduct regarding the Plaintiff's protected characteristics that have the purpose or effect of unreasonably interfering with the terms and conditions of the Plaintiff's employment. *Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993).

164.    Defendants intentionally discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on the basis of Plaintiff's sex.

165.    Defendant Chester Valley delegated to Defendants Poznick and Ellis the authority to control Plaintiff's work environment, and they abused that authority to create a hostile work environment.

166.    The conduct of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees was sufficiently severe to alter the conditions of Plaintiff's employment.

167.    The conduct of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees was sufficiently severe to create an abusive working environment.

168.    At all times material, Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' intentional, discrimination based on Plaintiff's sex was not welcomed by Plaintiff.

169.    At all times material, the intentional, discrimination based on Plaintiff's sex and gender identity by Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

170.    At all times material, Plaintiff believed Plaintiff's work environment to be hostile or abusive as a result of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' discriminatory conduct on the basis of Plaintiff's sex.

171.    The hostile work environment alleged herein was so extreme that it resulted in material changes to the terms and conditions of Plaintiff's employment.

172.    Defendant Chester Valley provided a futile avenue for complaint.

173.    Defendant Chester Valley retaliated against Plaintiff for his complaints.

174.    Defendant Chester Valley acted upon a continuing course of conduct.

175.    Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' unlawful actions towards Plaintiff was intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

176.    As a result of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

177.    Plaintiff further requests that Plaintiff's attorney's fees and costs be awarded as permitted by law.

<u>**COUNT VI**</u>
**Retaliation in Violation of**
**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.***
***(Plaintiff v. Defendant Chester Valley Golf Club)***

178.    Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

179.    Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides that it shall be an unlawful employment practice for an employer "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

180.   As alleged herein, Plaintiff engaged in protected activity under Title VII including, but not limited to opposing and reporting Defendants' unlawful discriminatory employment practices.

181.   At all times material, Plaintiff acted under a reasonable, good-faith belief that Plaintiff's right to be free from discrimination in the workplace was being violated by Defendants' conduct.

182.   Defendants subjected Plaintiff to materially adverse employment actions subsequent to Plaintiff reporting discriminatory conduct as enumerated herein.

183.   At all times material, Plaintiff's protected opposition activity was a determinative or contributing factor in some or all of Defendants' materially adverse actions against Plaintiff.

184.   At all times material, Plaintiff's protected opposition activity was the but-for cause of some or all of Defendants' materially adverse actions against Plaintiff.

185.   The temporal proximity between Plaintiff's protected activity and Defendants' decision to take materially adverse action against Plaintiff is unusually suggestive of a retaliatory motive and gives rise to an inference of causation.

186.   Defendants' materially adverse actions against Plaintiff in retaliation for Plaintiff's protected opposition activity were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

187.   Defendants' actions to take materially adverse employment actions against Plaintiff in retaliation for Plaintiff's protected opposition activity are unlawful employment practices in violation of Title VII.

188.   Defendants are vicariously liable for the unlawful actions of its employees or agents against Plaintiff in the course and scope of his employment with Defendants.

23

189.   As a result of Defendants' retaliatory conduct in violation of Title VII of the Civil Rights Act of 1964, Plaintiff has suffered and continues to suffer physical, emotional, and financial harm.

190.   Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's federally protected civil rights.

191.   As a result of Defendant Chester Valley, Defendant Poznick and Defendant Ellis, and other Chester Valley employees' violations of Title VII, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

192.   Plaintiff further requests that Plaintiff's attorney's fees and costs be awarded as permitted by law.

**COUNT VII**
**Age Discrimination, Sex Discrimination,**
**Hostile Work Environment, and Retaliation in Violation of**
**Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955, *et. seq.***
**(*Plaintiff v. Defendant Chester Valley Golf Club*)**

244.   Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

245.  The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

(b) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or impendent contractor with respect to compensation, hire, tenure, terms, conditions or

privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the service required.

PHRA § 955

246. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's age, and/or sex.

247. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of PHRA § 955.

248. Defendant Chester Valley is an employer under the Pennsylvania Human Relations Act (PHRA) as it employs citizens of the Commonwealth of Pennsylvania, and also because Defendant resides in the Commonwealth.

249. Plaintiff is entitled to the protections of the PHRA as she is an employee who is a member of a protected class by virtue of Plaintiff's age, and/or sex.

250. Defendants subjected Plaintiff to a harassing, hostile work environment, and disparately treated Plaintiff based on Plaintiff's membership to one or more protected classes, namely age and sex.

251. As a direct and proximate result of Defendants' discrimination, harassment, and retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and suffering, alienation, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

252. Plaintiff seeks attorney's fees and all other damages available at law pursuant to the PHRA and Plaintiff seeks same.

253. Alternatively, Defendants' actions were motivated by the foregoing discriminatory animus towards Plaintiff. Therefore, Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

254. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

**<u>COUNT VIII</u>**
**Aiding and Abetting**
**Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951, *et. seq*.**
**(*Plaintiff v. Defendants Ponzick and Ellis*)**

255. Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

256. PHRA § 955(e) provides that it shall be unlawful discriminatory practice:

    a. "For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

PHRA § 955(e)

257. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955, the discriminatory conduct.

258. Defendants' unlawful actions towards Plaintiff were intentional, willful, and made with reckless indifference to Plaintiff's protected civil rights under PHRA.

259. Plaintiff seeks attorney's fees and all available damages under the Pennsylvania Human Relations Act.

260. Alternatively, Defendants' actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

261. As a result of Defendants' unlawful actions, Plaintiff has suffered damages, including, but not limited to past and future lost wages, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harm, both tangible and intangible.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims, his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.

## PRAYER FOR RELIEF

Plaintiff repeats, incorporates by reference, and realleges every allegation in this Complaint as if fully set forth herein at length.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages to the extent available, liquidated damages, statutory damages, attorney's fees, costs, and disbursement of action, and for such other relief as the Court deems just and proper.

Respectfully submitted,

Date: August 29, 2025

**DEREK SMITH LAW GROUP, PLLC**
By: _/s/ Timothy J. Prol, Esq. __
Timothy J. Prol, Esq.
1628 Pine Street
Philadelphia, Pennsylvania 19103
Phone: (215) 391-4790
tim@dereksmithlaw.com
*Attorneys for Plaintiff Kathleen McGarry*